JACOB ROLLINGS, ESQ. (JR- 9247)
Attorney for Plaintiffs
57 Gramatan Avenue
Mount Vernon, NY 10550
(914) 699-5220

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
STEPHEN J. FEIN, on behalf of himself
and all others similarly situated,

                Plaintiffs,

    -against-

ELAINE L. CHAO, Secretary, United States
Department of Labor,

                Defendant.
------------------------------------------------------X

07 Civ. 3312 (PAC)

**CLASS ACTION COMPLAINT**

Jury trial requested

ECF CASE

        Plaintiff STEPHEN J. FEIN, by his attorney, JACOB ROLLINGS, ESQ., complaining of the defendant, alleges as follows:

## JURISDICTION

        1.    This Court has subject matter jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 704 and 28 U.S.C. § 1331, federal question jurisdiction, for review of this action pursuant to the *Kyne* doctrine[1] giving it the power to review clear violations of statutory mandate. The *Kyne* doctrine allows for judicial review of an agency action when the agency exceeds its statutory authority or violates a clear statutory mandate, even if Congress precluded judicial review in the Act.

## VENUE

---

[1] *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180 (1958)

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that the events or omissions that gave rise to this action occurred in the U.S. Department of Labor, Employment Standards Administration, Office of Workers' Compensation Programs, 201 Varick Street, Room 704, New York, NY 10014 in the Southern District of New York.

## PARTIES

3. Plaintiff STEPHEN J. FEIN ("Mr. Fein") is an employee of the United States under the definitions of these terms in 5 U.S.C. §§ 5102 and 8101(1). He is a recipient of federal employees compensation under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101, *et seq.* In particular, Mr. Fein was and is a civilian employee of the United States Navy who was injured on the job.

4. Defendant ELAINE CHAO is sued in her official capacity as the United States Secretary of Labor.

## ADMINISTRATIVE PROCEEDINGS

5. On October 25, 2006, Mr. Fein, through this office, made an application to defendant, through Hon. Shelby Hallmark, Director, Office of Workers' Compensation Programs, United States Department of Labor, for review of his Federal Employees' Compensation award pursuant to 5 U.S.C. § 8128(a) for a locality-based comparability payment, pursuant to 5 U.S.C. § 5304, retroactive from the time he began receiving employees compensation. Specifically, Mr. Fein, as a resident of Long Island, New York is entitled to an increase due to the higher cost of living there vis-a-vis the national average. Copy of said application is annexed as Exhibit 1.

6. On November 17, 2006, defendant, through Zev C. Sapir, District Director, Employment Standards Administration, Office of Workers' Compensation Programs in New

York, NY, in the Southern District of New York, responded to Mr. Fein's letter. Mr. Sapir stated that Mr. Fein's case file was protected under the Privacy Act and that Mr. Fein must provide a signed release in order to respond to his application. Copy of said letter is annexed as Exhibit 2.

7. On December 19, 2006, Mr. Fein, again through this office, mailed to defendant's representative Mr. Sapir, a signed release. Copies of said letter and release are annexed as Exhibit 3.

8. On February 8, 2007, Mr. Sapir responded directly to Mr. Fein. Mr. Sapir stated that compensation recipients do not receive "locality pay" based on the state they reside like working federal employees. Copy of said letter is annexed as Exhibit 4.

## CLASS ACTION ALLEGATIONS

9. Mr. Fein brings this action on his own behalf and behalf of all others similarly situated, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.

10. The class so represented by plaintiff in this action, of which he is a member, consists of all United States federal compensation recipients, under 5 U.S.C. § 8101, et seq.

11. The exact number of members of the class, as hereinabove identified and described is not known, but the class is so numerous that joinder of individual members herein is impracticable.

12. There are common questions of law and fact in the action the relate to and affect the rights of each member of the class and relief sought is common to the entire class, viz., a declaratory judgment that plaintiffs, federal compensation recipients, as federal employees are entitled to locality based pay adjustments, pursuant to 5 U.S.C. § 5304 and § 843 of Pub.L. 109-115 (under 5 U.S.C. § 5303) as set forth in Schedule 9 of 5 U.S.C. § 5332 (locality based areas are set forth in 5 C.F.R. § 531.603).

13. The claims of Mr. Fein, as representative of the class herein, are typical of the claims of the class, in that the claims of all members of the class, including plaintiff, depend on a showing of the acts and omissions of defendant give rise to the right of plaintiffs to the relief sought herein.

14. Mr. Fein is a representative party for the class and is able to, and will, fairly and adequately protect the interests of the class. The attorney for plaintiff is experienced and capable in litigation in the field of administrative and employment law and litigation, in general. The attorney for plaintiff will actively conduct and be responsible for plaintiffs herein.

15. This action is properly maintained as a class action insasmuch as defendant who opposes the class has acted or refused to act on grounds applicable to the class and has, by reason of such conduct, made appropriate final injunctive relief or corresponding declaratory relief with respect to the entire class, as sought in this action.

## CAUSE OF ACTION

16. Plaintiffs, federal compensation recipients, as federal employees under the definitions set forth in 5 U.S.C. §§ 5102 and 8101(1) are entitled to locality based pay increases, pursuant to 5 U.S.C. § 5304.

17. Defendant refuses and continues to refuse to compensate plaintiffs as such.

**WHEREFORE**, plaintiff prays, for himself and all other members of the class, for the following relief: (1) a declaratory judgment that all federal compensation recipients, as federal employees, are entitled to locality-based payment adjustments and raises.; (2) that said federal compensation recipients have their pay adjusted based on their localities from the time they first received federal compensation, together with interest; (3) payment of plaintiffs' reasonable

attorney's fees and costs of this action; and (4) such other relief that this Court may deem just and equitable.

Dated:  New York, NY
        April 16, 2007

                                            Jacob Rollings, Esq. (JR- 9247)
                                            Attorney for Plaintiffs
                                            57 Gramatan Avenue
                                            Mount Vernon, NY 10550
                                            (914) 699-5220

# Exhibit 1

**JACOB ROLLINGS**
Attorney at Law
57 Gramatan Avenue
Mt. Vernon, NY 10550
Tel: (914) 699-5220

October 25, 2006

*Via certified mail, return receipt requested*

Hon. Shelby Hallmark
Director
Office of Workers' Compensation Programs
United States Department of Labor
200 Constitution Avenue, NW
Washington, DC 20010

Re: **Stephen J. Fein**
**522 Shore Road, apt. 1PP**
**Long Beach, NY 11561**
**Case number: 02-0588712**
**Social Security Number: 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**
**Date of Injury: 88/06/21**
**Benefit sent from District 2, London, KY 40742-8300**

Dear Mr. Hallmark:

This office has been retained by Mr. Fein in connection with his Federal Employees' Compensation. Mr. Fein was injured on the job while working as a civilian employee of the United States Navy.

Pursuant to 5 U.S.C. § 8128(a), please accept this letter as an application for the United States Secretary of Labor to review the above referenced award and for said award to be increased.

The grounds for the increase in award are as follows: Under 5 U.S.C. § 5304, Mr. Fein, a federal employee and resident of Long Island, New York, is entitled to a "locality-based comparability payment" increase. Specifically, according to Schedule 9 set forth in the notes under 5 U.S.C. § 5332, effective January 1, 2005, Mr. Fein is entitled to a 20.99% increase in his pay and a 19.22% increase for the year 2004. Of course, these are only the most recent comparability adjustments, Mr. Fein is entitled to an upward adjustment in his pay from he received his first benefit check.

Thank you for your attention. Please contact me if you have any further questions.

Very truly yours,

Jacob Rollings, Esq.

# Exhibit 2

File Number: 020588712
congress-nyc-O-CONG

| | |
|---|---|
| U.S. DEPARTMENT OF LABOR | Employment Standards Administration<br>Office of Workers' Compensation Programs<br>201 Varick Street, Room 740<br>New York, NY 10014<br>Phone: (646) 264-3000 |
| | Case Number: 020588712<br>Re: Stephen J. Fein |

November 17, 2006

Jacob Rollings
Attorney at Law
57 Gramatan Avenue
Mt. Vernon, New York 10550

Dear Mr. Rollings:

I am writing in reply to your letter dated October 25, 2006, to Shelby Hallmark, Director of the Office of Workers' Compensation Programs concerning the workers' compensation claim for Mr. Stephen J. Fein. Your letter has been forwarded to us for response.

Mr. Fein's case file information is protected under the Privacy Act. We cannot provide information without a signed release.

Case adjudication occurs in the district office. If you have any further questions, please contact us at the following address: U.S. Department of Labor, Office of Workers' Compensation Programs; 201 Varick Street, Room 740; New York, New York 10014; Telephone Number (646) 264-3000. We have immediate access to case files and are in the best position to assist you.

I hope this responds to your inquiry. If we can be of further assistance, please do not hesitate to contact me.

Sincerely,

Zev C. Sapir
District Director

# Exhibit 3

**Law Office of**  
**Jacob Rollings**

57 Gramatan Avenue  
Mount Vernon, NY 10550  
Tel: (914) 699-5220  
Fax: (914) 699-3740

December 19, 2006

Zev C. Sapir  
District Director  
U.S. Department of Labor  
Employment Standards Administration  
Office of Workers' Compensation Programs  
210 Varick Street, Room 740  
New York, NY 10014

          Re:    **Stephen J. Fein**  
                 **Case Number: 020588712**

Dear Mr. Sapir:

I am in receipt of your letter, dated November 17, 2006. In response, I am enclosing a signed release from my client, Mr. Fein.

As you are aware, we wrote to Ms. Shelby Hallmark, Director of Workers' Compensation Programs, pursuant to 5 U.S.C. § 8128(a) to review Mr. Fein's award and for said award to be increased. The grounds for this increase is that as a resident of Long Island, NY, Mr. Fein is entitled to a "locality-based comparability payment" increase pursuant to 5 U.S.C. § 5304. Under Schedule 9 in the notes to 5 U.S.C. § 5332, Mr. Fein would be entitled to a 20.97% increase effective January 1, 2006, a 20.99% increase in pay effective January 1, 2005, a 19.22% increase effective January 1, 2004 and further increases for all the years Mr. Fein has received federal workers' compensation.

Thank you for your attention to this.

Sincerely,

Jacob Rollings

## AUTHORIZATION

To:  UNITED STATES DEPARTMENT OF LABOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS

I hereby authorize the United States Department of Labor, Office of Workers' Compensation Programs to review my complete file and all documents and information relating to STEPHEN J. FEIN, Social Security Number 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, date of birth October 17, 1946, case no. A020588712.

_____  11/9/06
STEPHEN J FEIN

# Exhibit 4

U.S. DEPARTMENT OF LABOR          Employment Standards Administration
                                  Office of Workers' Compensation Programs
                                  201 Varick Street, Room 740
                                  New York, NY 10014
                                  Phone: (646) 264-3000

                                  Case Number: 020588712
                                  Re: Stephen J. Fein

February 8, 2007

Stephen J. Fein
522 Shore Road – 1pp
Long Beach, New York 11561

Dear Mr. Fein:

I am writing in reply to your attorney's letter of December 19, 2006, concerning your workers' compensation claim.

Mr. Rollins has inquired about locality pay. He believes that you are entitled to an increase in your compensation benefits because you are a resident of Long Island, New York. Mr. Rollins is referring to locality pay that working federal employees receive on a yearly basis, based on the state they reside in. However, compensation recipients do not receive these increases, nor do they receive the same salary increases as those who are still employed. Under the Federal Employees Compensation Act (FECA), benefit recipients receive the Consumer Price Index (CPI) increases in March of every year.

FECA payments for wage loss benefits are based on your salary at the time you either sustained your work related injury, the date your disability began or the date your disability recurred. As a benefit recipient, you are entitled to receive CPI's every year and not entitled to receive locality pay.

I hope this responds to your inquiry. If we can be of further assistance, please do not hesitate to contact me.

                                  Sincerely,

                                  Zev C. Sapir
                                  District Director