

**USDS SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** ___3___
**DATE FILED:** AUG 0 1 2007

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

July 27, 2007

August 1, 2007

*There is no need for a pre-motion conference. The parties' positions are clear and the issue clearly requires resolution. The parties should meet and confer on an appropriate schedule for the motion, a response and reply.*

So Ordered
Paul Hutty
USDJ

**By Facsimile**

Honorable Paul A. Crotty
United States District Judge
United States Courthouse
500 Pearl St., Room 735
New York, NY 10007

Re: Fein v. Chao, 07 Civ. 3312 (PAC)

Dear Judge Crotty:

    I write respectfully on behalf of Elaine Chao, Secretary, United States Department of Labor (the "Government") to request a pre-motion conference in the above-referenced case. Plaintiff has brought a class action complaint seeking locality-based payment adjustments for himself and a class of individuals receiving payments pursuant to the Federal Employee's Compensation Act, 5 U.S.C. § 8101 et seq ("FECA"). The Government intends to move for the dismissal of this action based on the court's lack of subject matter jurisdiction. Specifically, plaintiff is statutorily barred form seeking in district court a recalculation of the payments he receives under FECA, which provides that:

> The action of the Secretary or her designee in allowing or denying a payment under this subchapter is -- (1) final and conclusive for all purposes and with respect to all questions of law and fact; and, (2) not subject to review by another official of the United States or by a Court by mandamus or otherwise.

5 U.S.C. § 8128 (b).

    Giving effect to the plain meaning of § 8128(b), courts have repeatedly and uniformly recognized that the Secretary's decisions on benefit determinations pursuant to the FECA are not subject to judicial review. See, e.g., Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991) (noting that "FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of Labor's determination of FECA coverage") (citation omitted); Blanc v. United States, 244 F.2d 708, 710 (2d Cir. 1957). Plaintiff's reliance

**MEMO ENDORSED**

USA AUG - 2 2007

on the Administrative Procedure Act, 5 U.S.C. § 704 ("APA"), as a basis for jurisdiction is misplaced because the APA is not an independent source of jurisdiction permitting judicial review of agency action. See, e.g., Califano v. Sanders, 430 U.S. 99, 105-07 (1977). We look forward to addressing these issues with the Court at a pre-motion conference.

    Thank you for your consideration of this matter.

                              Respectfully,

                              MICHAEL J. GARCIA
                              United States Attorney

                BY:    _____
                              LAWRENCE H. FOGELMAN
                              Assistant United States Attorney
                              Tel. No.: (212) 637-2719
                              Fax No.: (212) 637-2730

cc:     Jacob Rollings, Esq. (By Facsimile)
        Attorney for Plaintiff
        57 Gramatan Avenue
        Mount Vernon, New York 10550
        Tel: 914-699-5220
        Fax: 914-699-3740

**JACOB ROLLINGS, ESQ.**
ATTORNEY AT LAW
57 Gramatan Avenue
Mount Vernon, NY 10550
Tel: (914) 699-5220
Fax: (914) 699-3740

August 1, 2007

*Via fax*

Hon. Paul A. Crotty, U.S.D.J.
United States Courthouse
500 Pearl Street, room 735
New York, NY 10007

Re:    Fein v. Chao, 07 Civ. 3312 (PAC)

Dear Judge Crotty:

This office represents plaintiff in this matter. The following is submitted in response to defendant Chao's (the "Government") letter to your Honor requesting a pre-motion conference, dated July 27, 2007.

The Government alleges that this Court does not have subject matter jurisdiction over plaintiff's[1] claims by virtue of the "plain meaning" of 5 U.S.C. § 8128(b). The Government argues that plaintiff is "statutorily barred from seeking in district court a recalculation of the payments he receives under the Federal Employee's Compensation Act, 5 U.S.C. § 8101, *et seq.* and that the Administrative Procedure Act ("APA"), 5 U.S.C. § 704 "is not an independent source of jurisdiction."

The Government is correct that congressional intent in limiting judicial review was that courts not be burdened by flood of small claims challenging merits of compensation decision. *See, Rodrigues v Donovan*, 769 F2d 1344, 1347-48 (9th Cir. 1985). Contrary to the Government's averment, plaintiff is not seeking a simple "recalculation of payments he receives." The Government is also correct that APA is not an independent source of jurisdiction.

However, these are not the bases for jurisdiction or plaintiff's objective in this litigation. Paragraph 1 of the complaint states this action was brought pursuant to the *Kyne* doctrine which "allows for judicial review of an agency action when the agency exceeds its statutory authority or violates a clear statutory mandate, *even if Congress precluded judicial review in the Act.*" The *italicized* text specifically refers to § 8128(b).

This action was brought under the *Kyne* Doctrine. The *Kyne* doctrine allows for judicial review of an agency action when the agency exceeds its statutory authority or violates a clear

---
[1] As the Court is aware, this is a class action case and plaintiff Stephen Fein is representative of all recipients of federal employment compensation. For convenience, I shall use the singular "plaintiff" throughout this letter.

statutory mandate, even if Congress precluded judicial review in the Act. *Leedom v. Kyne*, 358 U.S. 184, 190-191, 3 L. Ed. 2d 210, 79 S. Ct. 180 (1958), see also *Oestereich v. Selective Serv. Sys. Local Bd. No. 11*, 393 U.S. 233, 21 L. Ed. 2d 402, 89 S. Ct. 414 (1968). Plaintiff alleges that Secretary Chao violated a clear statutory mandate in not providing locality-based comparability payments pursuant to 5 U.S.C. § 5304. That is, plaintiff is not alleging that his compensation was incorrectly calculated, rather that he, as a federal employee, collecting FECA benefits, is entitled to locality-based comparability payments.

Several Circuit Courts have held that § 8128(b) does not bar judicial review of clear statutory violations. *Hanauer v. Reich*, 82 F.3d 1304, 1307 (4th Cir. 1996); *Brumley v. U.S. Dept. of Labor*, 28 F.3d 746, 747 (8th Cir. 1994); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988); *Staacke v. United States Secretary of Labor*, 841 F.2d 2378, 382 (9th Cir. 1988) (in dicta); *but see, Paluca v. Secretary of Labor*, 813 F.2d 524 (1st Cir. 1987).

The Second Circuit has not yet ruled on this issue. However, one district court in this Circuit has addressed it. The Connecticut District Court in *Wicks v. Reich*, 950 F.Supp. 454, 459 n. 4 (D.Conn. 1996) has held "[t]he reasoning employed by other federal courts in carving out exceptions for Constitutional violations and violations of clear statutory mandate is persuasive and those exceptions are hereby adopted."

It is our hope that the Government will review the authorities cited and reconsider their decision to make a motion to dismiss on the ground that this Court does not have subject matter jurisdiction.

Thank you.

Very truly yours,

Jacob Rollings

cc: Asst. U.S. Attorney Lawrence H. Fogelman, Esq.