UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEPHEN J. FEIN, on behalf of himself and all   :
others similarly situated,   :
  :
           Plaintiff,   :      07 Civ 3312 (PAC)
  :
    v.   :
  :
ELAINE CHAO, Secretary, United States   :
Department of Labor,   :
  :
          Defendants   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# MEMORANDUM OF LAW IN SUPPORT OF
## THE GOVERNMENT'S MOTION TO DISMISS

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the Government
86 Chambers Street, 3rd Floor
New York, N.Y. 10007
Telephone: 212-637-2719
Facsimile: 212-637-2730

LAWRENCE H. FOGELMAN
Assistant United States Attorney
    Of Counsel

TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.   Statutory Framework . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.   Plaintiff's Administrative Claim and Congressional Inquiries . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I.   THIS COURT LACKS SUBJECT MATTER JURISDICTION . . . . . . . . . . . . . . . . . . . 8

    A.   FECA Bars Judicial Review of a Disability Benefits Determination . . . . . . . . . 8

    B.   FECA's Unambiguous and Comprehensive Terms Preclude
        Jurisdiction Over Claims of a Violation of a Clear Statutory Mandate . . . . . . . . 9

II.   THE SECRETARY'S CALCULATION OF PLAINTIFF'S BENEFITS
     DID NOT VIOLATE A CLEAR STATUTORY MANDATE OF FECA . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## PRELIMINARY STATEMENT

Defendant Secretary of Labor Elaine L. Chao ("Secretary" or the "Government"), by her attorney Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in support of the Government's motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or, in the alternative, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

Plaintiff Stephen J. Fein, on behalf of himself and a proposed class of allegedly similarly situated individuals, seeks a declaratory judgment that all federal employees receiving workers' compensation benefits are entitled to locality-based payment adjustments and raises, retroactive pay adjustments of benefits to include locality pay with interest, and attorney's fees. To the extent the complaint seeks judicial review of the Secretary's actions in awarding compensation benefits to plaintiff and a class of individuals, the complaint should be dismissed for lack of subject matter jurisdiction because the Federal Employee's Compensation Act, 5 U.S.C. § 8101 et seq. ("FECA"), bars judicial review of any action by the Secretary of Labor in allowing or denying a claim for benefits covered by FECA. See 5 U.S.C. § 8128(b). To the extent plaintiff is alleging that FECA itself has been violated, this Court similarly lacks jurisdiction over such a claim. See id. Further, even assuming *arguendo* that FECA's explicit ban on judicial review were somehow inapplicable, plaintiff nevertheless cannot establish a violation of any statutory mandate here. FECA simply does not require the Secretary to provide yearly increases in workers' compensation benefits based on changes in locality pay, and, accordingly, the Secretary has not violated any statutory mandate in denying plaintiff's request for adjustment of his benefits.

# BACKGROUND

## A.    Statutory Framework

FECA is the workers' compensation statute for federal employees. Enacted in 1916, FECA establishes a comprehensive and exclusive compensation scheme under which federal employees or their survivors receive benefits, regardless of fault, for employment-related injuries or deaths. FECA provides that the United States "shall pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102(a). A wide range of benefits are provided to individuals for work-related injuries covered by FECA, including payment of total or partial wage loss compensation, scheduled awards for permanent loss or loss of use of specified members of the body, related medical costs and vocational rehabilitation. See 5 U.S.C. §§ 8103-8113.

Central to FECA's statutory scheme is the role of the Department of Labor. The Secretary of Labor has the authority to administer the payment of benefits, adjudicate claims, decide all questions arising under FECA, and promulgate the regulations necessary for the administration and enforcement of the statute. See 5 U.S.C. §§ 8145, 8124(a), 8149. The Secretary has delegated this authority to the Director of the Office of Workers' Compensation Programs ("OWCP"), who is responsible for the administration and implementation of FECA. See 20 C.F.R. § 10.1. The regulations provide that a claimant may appoint an individual to represent his or her interest in the claims process but the appointment must be done in writing. See 20 C.F.R. § 10.700.

FECA provides that if a disability from an on-the-job injury is total the employee is

2

entitled to 66⅔ percent of the employee's monthly pay.[1]  See 5 U.S.C. § 8105(a).  Monthly pay

is defined as the greater of monthly pay (a) at the time of injury, (b) at the time disability begins,

or (c) at the time compensability recurs.  See 5 U.S.C. § 8101(4).  FECA sets forth the manner in

which pay is computed for compensation benefits under FECA.  See 5 U.S.C. § 8114.

Specifically, annual earnings of the employee is used as the basis for the computation of monthly

pay when the employee has worked in the job for substantially the whole year or was employed

in a job that afforded employment for substantially a whole year.  See 5 U.S.C. § 8114(d)(1)&

(d)(2).[2]

OWCP procedures provide that in determining annual earnings for pay rate purposes,

locality pay is included in computing an employees' pay rate.  See Federal (FECA) Procedure

Manual, Chapter 2-900.7(b)(16).[3]  These procedures are used to determine the employee's pay

rate at the time that the individual first receives compensation benefits under FECA.  Pursuant to

FECA, ongoing compensation payable on account of disability is increased annually based on

the percentage increase in the Consumer Price Index ("CPI").  See 5 U.S.C. § 8146a.

In the event the Director of OWCP makes a determination adverse to the claimant,

several methods of administrative review are available upon timely request by the claimant,

---

[1]    A disabled employee with an eligible dependent is entitled to augmented compensation equal to three quarters of his monthly pay.  See 5 U.S.C. § 8110(b).

[2]    If neither of these sections apply, FECA provides that annual earnings are a sum that reasonably represents annual earning capacity of the injured employee in the employment in which he was working.  See 5 U.S.C. § 8114(d)(3).

[3]    In 1990 (i.e., two years after plaintiff first began receiving workers' compensation benefits), Congress enacted the Federal Employees Pay Comparability Act of 1990, Pub. L. 101-509, Title V, Section 529, 104 Stat. 1389 (codified as 5 U.S.C. § 5301 et seq.), which provided, for the first time, that a federal employee's pay would include an amount based on the locality in which he or she worked, otherwise known as "locality pay."  The FECA Procedure Manual is publicly available through the Department of Labor's internet site at the following address: http://nt5.scbbs.com/cgi-bin/om_isapi.dll?clientID=271396719&infobase=feca-pt2.nfo&jump=2 -0900-7&softpage=PL_frame#JUMPDEST_2-0900-7

including: 1) a hearing before or review of the written record by an OWCP hearing examiner, see 5 U.S.C. § 8124, 20 C.F.R. § 10.615; 2) reconsideration of the original decision by OWCP, see 5 U.S.C. § 8128(a), 20 C.F.R. § 10.605; or 3) appeal to the Employees' Compensation Appeals Board ("ECAB" or "Board"), see 5 U.S.C. § 8149; 20 C.F.R. Part 501.

Congress explicitly foreclosed judicial review of claims challenging the Secretary of Labor's decisions in allowing or denying a FECA claim. See 5 U.S.C. § 8128(b). Congress instead provided several avenues of administrative review. See 5 U.S.C. §§ 8124, 8128(a), 8149.

**B.    Plaintiff's Administrative Claim and Congressional Inquiries**

Plaintiff Stephen Fein sustained an injury on June 21, 1988 when he inhaled chemical fumes while in the performance of his federal duties. See Declaration of Edward Duncan ("Duncan Decl."), Ex. A. OWCP approved his claim seeking workers' compensation benefits on October 17, 1988 for keratoconjunvtivitis, and plaintiff, who was unable to work, received continuation of pay for the period June 22, 1988 to August 5, 1988. See id. Ex. B. On November 16, 1988, OWCP expanded plaintiff's disability claim to include a disability due to multiple chemical sensitivity and determined that plaintiff was temporarily totally disabled. See id. Ex. C. OWCP awarded plaintiff workers' compensation through November 19, 1988. See id. Plaintiff was also placed on a periodic roll effective November 20, 1988, which ensured that he would receive compensation payments every four weeks. See id.

Plaintiff's wage-loss benefits were based on his salary at the time of his injury. See id. Ex. P. Because Congress had not provided locality pay as part of a federal employee's compensation until 1990, see supra n.3, plaintiff had not been receiving locality pay at the time he sought workers' compensation benefits, and, therefore, locality pay did not factor into

4

OWCP's determination of plaintiff's wage-loss benefits based on his salary at the time of his injury. See id. During the time that plaintiff has received benefits, plaintiff received increases in the amount of his benefits based on Consumer Price Index increases, in accordance with 5 U.S.C. § 8146a. See id.

Before filing his present complaint, plaintiff sought the assistance of Senator Alfonse D'Amato and Congressman Peter King, both of whom contacted the Department of Labor ("DOL") asking for locality pay increases to be applied to the benefits plaintiff received under FECA. See Duncan Decl. Exs. D-E. On October 6, 1993, OWCP explained to Senator D'Amato that it could only apply the existing laws and regulations, and that plaintiff's request for the retroactive granting of locality pay increases was not in accordance with existing laws. See id. Ex. D.[4] On September 18, 1997, OWCP explained to Congressman King that FECA beneficiaries did not receive locality pay increases, nor did they receive the same salary increases as those who were still employed. See id. Ex. E. Under FECA, beneficiaries receive Consumer Price Index increases when mandated by Congress, and not increases in locality pay. See id.

In a letter dated October 25, 2006, plaintiff's counsel asked OWCP to review plaintiff's case, asserting that plaintiff was entitled to locality pay adjustment to his wage-loss compensation. See Duncan Decl. Ex. F. On November 17, 2006, OWCP advised the attorney that in accordance with the Privacy Act, OWCP could not provide information about plaintiff's claim without a signed release by the plaintiff authorizing the attorney to be his representative. See id. Ex. G. By letter dated December 19, 2006, the attorney advised that he was attaching a

---

[4]     Plaintiff apparently recognized that FECA did not provide for locality pay increases to his benefits, as reflected in his appeal to these legislators asking them to enact legislation to amend FECA such that plaintiff would obtain the relief that he sought. See Duncan Decl. Exs. D-E.

signed authorization and reiterated the request that plaintiff's wage-loss compensation be increased based on locality pay. See id. Ex. H. The attached document to the attorney's letter stated that plaintiff was authorizing OWCP to review his complete file. See id.

On February 8, 2007, OWCP sent a letter to plaintiff's attorney advising him that the release was not adequate as it did not authorize OWCP to correspond with the attorney and again requested a proper release. See Duncan Decl. Ex. I. OWCP sent a second letter on the same day to plaintiff and addressed the statements by plaintiff's attorney regarding the application of locality pay to plaintiff's wage-loss compensation. See id. Ex. J. Specifically, OWCP advised plaintiff that FECA beneficiaries do not receive locality pay increases; rather, they receive CPI increases in accordance with the terms of FECA. See id.

By letter dated March 9, 2007, plaintiff's attorney requested a hearing. See Duncan Decl. Ex. K. On April 2, 2007, OWCP advised plaintiff that he needed to provide a signed authorization to have his attorney represent him in his OWCP matter and that the February 8, 2007 letter was not a formal decision. See id. Ex. L. On the same day, OWCP also sent a letter to plaintiff's attorney advising him that OWCP needed a signed authorization from plaintiff in order for the attorney to represent plaintiff in his claim before OWCP. See id. Ex. M.

By letter dated June 18, 2007, OWCP advised plaintiff that OWCP would conduct a formal review of his case to determine whether his compensation benefits were properly calculated and directed plaintiff to provide support for his contention that his benefits should be increased within 30 days. See Duncan Decl. Ex. N. Plaintiff's attorney filed a submission dated July 15, 2007, arguing that plaintiff is entitled to locality pay increases because he is a federal employee under 5 U.S.C. §§ 5102 and 8101(1). See Duncan Decl. Ex. O.

6

The Department of Labor issued a Notice of Decision on July 25, 2007, denying plaintiff's request for locality pay increases. See Duncan Decl. Ex. P. Specifically, the DOL found that the "terms of the FECA are specific as to how compensation is to be calculated and OWCP does not have the authority to enlarge the terms of the FECA nor to make an award of benefits under any terms other than those in the statute." Id. (citations omitted). The DOL further explained that "it has been long held that the probability that an employee, if not for his injury-related condition, might have had greater earnings does not afford a basis for payment under the FECA." Id. (citations omitted). The DOL further observed that "'[t]he salary used to compute compensation is not affected, however, by general increases in the rate paid for the employee's grade and step. Moreover, the pay rate is not affected by any promotion or raise the employee might have received in the future.'" Id. (citation omitted).

The DOL concluded that plaintiff's pay rate was properly calculated. Specifically, plaintiff's pay rate was based on his wages at the time of his injury. See id. Those wages did not include locality pay as, indeed, Congress had not provided for locality pay at that time. See id. Since his injury, plaintiff's compensation has been increased by application of the CPI. See id. Accordingly, the DOL denied plaintiff's request for increased compensation due to locality pay increases, and he was provided with a document explaining his rights to appeal.

Prior to receiving the above-referenced determination from DOL and without having filed an appeal, plaintiff filed the instant putative class action complaint asserting that federal employees under the definitions set forth in 5 U.S.C. §§ 5102 and 8101(1) are entitled to locality-based pay increases pursuant to 5 U.S.C. § 5304.

## ARGUMENT

## I.    THIS COURT LACKS SUBJECT MATTER JURISDICTION

### A.    FECA Bars Judicial Review of a Disability Benefits Determination

By alleging that his pay rate and annual increases to his pay rate were not properly calculated under FECA, plaintiff is essentially challenging the award of benefits by the Secretary of Labor under FECA.  FECA establishes a comprehensive and exclusive workers' compensation scheme for federal employees under which the Secretary of Labor has sole authority to administer and to decide all questions arising under FECA.  See 5 U.S.C. § 8145.

Indeed, FECA explicitly bars judicial review of any action by the Secretary of Labor in allowing or denying a FECA claim.  See 5 U.S.C. § 8128(b).  Congress provided a remedy in FECA that is exclusively administrative.  Congress has specifically foreclosed any judicial review of determinations under FECA, providing in pertinent part:

> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is --
>
> > (1) final and conclusive for all purposes and with respect to all questions of law and fact; and,
> >
> > (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b).  Thus, the avenue for a federal employee seeking to challenge the OWCP's determination regarding his or her FECA claim is exclusively administrative.  See supra at p.4.

Giving effect to the plain meaning of section 8128(b), courts have repeatedly and uniformly recognized that the Secretary's decisions on benefit determinations pursuant to FECA are not subject to judicial review.  See, e.g., Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991) (noting that "FECA contains an 'unambiguous and comprehensive' provision barring any

8

judicial review of the Secretary of Labor's determination of FECA coverage") (citation omitted);

Paluca v. Sec'y of Labor, 813 F.2d 524, 527-28 (1st Cir. 1987); Blanc v. United States, 244 F.2d

708, 710 (2d Cir. 1957); Baik v. Potter, No. 06 Civ. 5046 (NRB), 2007 WL 1180565, at *2

(S.D.N.Y. Apr. 16, 2007); Hightower v. United States, 205 F. Supp. 2d 146, 151-52 (S.D.N.Y.

2002).

Plaintiff's reliance on the Administrative Procedure Act, 5 U.S.C. § 704 ("APA"), as

affording him an avenue to seek judicial review is simply misplaced.    Indeed, the APA

explicitly does not confer jurisdiction on a court to review agency action where another statute

"preclude[s] judicial review." See 5 U.S.C. § 701 (a)(1); NRCD v. Johnson, 461 F.3d 164 (2d

Cir. 2006).  Here, because FECA is a statute that precludes judicial review, the APA is

inapplicable. See, e.g., Gallucci v. Chao, 374 F.Supp.2d 121, 128 (D.D.C. 2005); see also Blanc,

244 F. 2d at 710; Staacke v. Sec'y of Labor, 841 F.2d 278, 282 (9th Cir. 1988).[5]

Consequently, the complaint should be dismissed for lack of subject matter jurisdiction

as judicial review is precluded under FECA.

**B.    FECA's Unambiguous and Comprehensive Terms Preclude Jurisdiction Over Claims of a Violation of a Clear Statutory Mandate**

Plaintiff asserts that, irrespective of section 8218(b), he is entitled to judicial review to

the extent that OWCP has violated a statutory mandate by failing to apply locality pay increases

to his ongoing FECA compensation benefits.  The Second Circuit has not squarely addressed the

issue of whether an exception to section 8128(b) preclusion of review exists for a violation of a

---

[5]    Although section 8128(b) precludes judicial review of actions of the Secretary in allowing and denying claims under FECA, federal courts retain jurisdiction to review substantial constitutional claims.  See Paluca, 813 F.2d at 526; Rodrigues v. Donovan, 769 F.2d 1344, 1348 (9th Cir. 1985); Woodruff v. U.S. Dep't of Labor, 954 F.2d 634 (11th Cir. 1992); Czerkies v. U.S. Dep't of Labor, 73 F.3d 1435, 1437 (7th Cir. 1996) (en banc).  However, Plaintiff has not alleged a constitutional violation in his complaint and therefore this exception does not apply.

9

clear statutory mandate. See Senerchia v. United States, 235 F.3d 129 (2nd Cir. 2000) (finding no statutory violation, without explicitly deciding whether an exception to 5 U.S.C. § 8128(b) exists for a violation of a clear statutory mandate).[6]

This Court should conclude that section 8128(b) does not allow judicial review of alleged violations of any statutory mandate. Section 8128(b) of FECA is a model preclusion-of-review statute containing unambiguous and comprehensive language, the intent of which is to bar judicial review altogether. See Lindahl v. Office of Personnel Mgmt, 470 U.S. 768, 769, 779-80 & n.13 (1985) (observing that preclusion of review language in section 8128(b) is as an example of "unambiguous and comprehensive language" showing that "Congress intends to bar judicial review altogether"); Paluca, 813 F.2d at 527-28 (finding no jurisdiction over claim that policy or rulemaking decision violates FECA); McDougal-Saddler, 184 F.3d at 213 (finding that "the statute provides us with clear and convincing evidence that Congress intended to deny the District Court jurisdiction.").

Despite the explicit wording of the Section 8128(b), plaintiff claims that there is nevertheless an implied right of judicial review for an alleged violation of a clear statutory mandate. See Complaint ¶ 1, citing Leedom v. Kyne, 358 U.S. 184 (1958). In Kyne, the Supreme Court held that the district court had jurisdiction to set aside a determination by the

---

[6]    Other circuits have split on this question. Compare McDougal-Saddler v. Herman, 184 F.3d 207, 213 (3rd Cir. 1999) (finding no implied right of judicial review under section 8128(b) even for alleged violations of clear statutory mandate in light of provision's broad and unequivocal terms) and Paluca, 813 F.2d at 527-28 (finding no right to judicial review based on statutory grounds) with Hanauer v. Reich, 82 F. 3d 1304, 1308-11 (4th Cir. 1996) (recognizing exception allowing judicial review where there has been a violation of a statutory mandate); Staacke v. Sec'y of Labor, 841 F.2d 278, 282 (9th Cir. 1988) (same); Brumley v. U.S. Dep't of Labor, 28 F.3d 746, 747-48 (8th Cir. 1994) (same); see also Owens v. Brock, 860 F.2d 1363, 1367 (6th Cir. 1988) (same). Although some circuits have found limited judicial review over alleged violations of a clear statutory mandate of FECA, the Government is not aware of any court that has ever found a violation of a clear statutory mandate of FECA.

National Labor Relations Board ("NLRB") where the NLRB had acted "in excess of its delegated power and contrary to a specific prohibition in the [National Labor Relations] Act" that was "clear and mandatory." 358 U.S. at 188. The NLRB conceded that it had taken action that was expressly prohibited by the statute. The Court characterized the NLRB's order as "an attempted exercise of power that had been specifically withheld." Id. at 189.

However, in Board of Governors v. MCorp Financial, Inc., 502 U.S. 32 (1991), the Supreme Court explained that, notwithstanding its holding in Kyne, Congress may insulate certain agency actions from judicial review even where they are alleged to violate a clear statutory mandate. In MCorp, a bank holding company sought to enjoin the Board of Governors of the Federal Reserve System from prosecuting an administrative proceeding against it for alleged violations of a Board regulation. Id. at 34. The Fifth Circuit held that the Board's promulgation and enforcement of the regulation exceeded its statutory authority and that, although the relevant banking statute divested courts of jurisdiction to enjoin the Board's administrative proceedings, the district court therefore had jurisdiction to issue an injunction pursuant to Kyne. See MCorp, 502 U.S. at 34.

The Supreme Court reversed, rejecting the Fifth Circuit's "interpretat[ion of] Kyne as authorizing judicial review of any agency action that is alleged to have exceeded the agency's statutory authority." MCorp, 502 U.S. at 43. In addition, the Supreme Court emphasized "the clarity of the congressional preclusion of review" in the banking statute at issue. Id. at 44. The Supreme Court contrasted this unequivocal language with the situation in Kyne itself, where there was no explicit provision precluding review. Instead, as the Supreme Court noted, "[i]n Kyne the NLRB contended that a statutory provision that provided for judicial review implied, by its silence, a preclusion of review of the contested determination." MCorp, 502 U.S. at 44

11

(emphasis added).  In concluding that the preclusion provision before it was not subject to a "Leedom v. Kyne exception," the Supreme Court also relied on the fact that the banking statute at issue in MCorp provided an alternative avenue for review of the validity of the challenged regulation, and again contrasted Kyne, where the union had no other means to vindicate its statutory rights.  MCorp, 502 U.S. at 43-44.  See also Briscoe v. Bell, 432 U.S. 404 (1977) (Jurisdiction to review agency action in excess of statutory authority cannot be inferred where the statutory language expressly precludes judicial review).

Like MCorp, this case involves a comprehensive preclusion-of-review provision.  Indeed, there can hardly be plainer or more sweeping language than that in section 8128(b).  Section 8128(b) provides not only that an action by the Secretary "allowing or denying a payment" under FECA is "final and conclusive for all purposes and with respect to all questions of law and fact," but also that such action is "not subject to review by another official of the United States or by a court by mandamus or otherwise."  5 U.S.C. § 8128(b) (emphasis added); see Czerkies, 73 F.3d at 1443 ("If § 8128(b)(1) were not enough, § 8128(b)(2) adds: 'We really mean it!'"(Easterbrook, J., conc.)).

Although FECA does not provide claimants with an alternative avenue for judicial review – as did the banking regulatory statute in MCorp – this omission by Congress is consistent with the legislative purpose underlying FECA.  See Lockheed Aircraft Corp. v. U.S., 460 U.S. 190, 194 (1983) ("Congress adopted the principal compromise - the 'quid pro quo' - commonly found in workers' compensation legislation:  employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government.") (citations omitted).  Moreover, although FECA precludes judicial review, it provides numerous opportunities for administrative review of

benefit determinations. <u>See</u> 5 U.S.C. §§ 8128(a), 8124(a), 8149. Thus, a FECA claimant who seeks review of the merits of a FECA determination has numerous avenues for review within the Department of Labor.

In sum, the administrative review procedures established within FECA are comprehensive, extensive and were clearly intended by Congress to substitute for judicial review. Consistent with the Supreme Court's decision in <u>Kyne</u> and the Supreme Court's further refinement of its holding in <u>MCorp</u>, and given Section 8128(b)'s unambiguous language precluding judicial review, plaintiff has no right to judicial review of the Secretary's decisions based upon his allegation of a violation of a statutory mandate.

## II.  THE SECRETARY'S CALCULATION OF PLAINTIFF'S BENEFITS DID NOT VIOLATE A CLEAR STATUTORY MANDATE OF FECA

Even if the <u>Kyne</u> exception for a violation of a clear statutory mandate applies to FECA claims, plaintiff has failed to allege such a violation of FECA. The <u>Kyne</u> exception applies only when an agency acts contrary to a specific prohibition that was "clear and mandatory." <u>Kyne</u>, 358 U.S. at 188. The Second Circuit observed that the <u>Kyne</u> exception applies only when the agency's interpretation is "so egregious as to be clearly contrary to the statute," and that judicial review for a clear statutory violation, assuming such an exception exists, is "extremely limited." <u>Senerchia</u>, 235 F.3d at 132-33; <u>see also</u> <u>Hanauer</u>, 82 F.3d at 1309 (When presented with a claim such as this, the court should first "conduct a 'cursory review of the merits' of the case to determine whether the Secretary violated a clear statutory mandate," and dismiss for lack of subject matter jurisdiction if this cursory review reveals no violation of a clear statutory mandate) (internal citation omitted); <u>see</u> <u>Staacke</u>, 841 F.2d at 282 (finding that Court's task is "limited to determining whether the statute in question contains a clear command that the

13

Secretary has transgressed.")[7]

Here, FECA addresses how pay rate and cost of living increases for FECA compensation are to be calculated. <u>See</u> 5 U.S.C. §§ 8101(4), 8105(a), 8110, 8114, 8146a. The statute contains <u>no</u> requirement that the Secretary factor in locality pay when determining plaintiff's pay rate and annual increases to pay rate, and, indeed, contains no reference to locality pay. Instead, FECA provides an explicit provision for annual increases to FECA benefits based solely on the percentage increase in the Consumer Price Index. <u>See</u> 5 U.S.C. § 8146a. Accordingly, the OWCP's determination that plaintiff is not entitled to locality pay adjustment is not "so egregious as to be clearly contrary to the statute." <u>Senerchia</u> 235 F.3d at 132. In short, the statute contains no such "clear and mandatory" requirement that an individual receiving benefits is entitled to locality pay adjustments. <u>Kyne</u>, 358 U.S. at 188.

Plaintiff simply cannot establish any violation of a statutory mandate. Plaintiff has not claimed, nor could he, that OWCP did not comply with any of the statutory provisions detailing how benefits are to be calculated. Thus, his compliant is devoid of any allegation that OWCP has violated section 8101(4) which defines monthly pay, section 8105(a) which provides that compensation be equal to 66⅔% of the employee's monthly pay, section 8110 which provides for augmented compensation to 75% where the employee has a dependent, section 8114 which sets forth how compensation is to be computed based on the employee's annual earnings, or section 8146a which provides yearly increase in compensation based on the Consumer Price Index.

Plaintiff fails to point to any specific provision of FECA that has been violated. Indeed the only provision of FECA cited to in the complaint is the one that defines "employee."

---

[7]     Because plaintiff fails to set forth any allegations showing that the Government has violated FECA, the complaint should be dismissed for lack of subject matter jurisdiction, <u>see</u> <u>Hanauer</u>, 82 F.3d at 1309, or in the alterative, for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Complaint ¶¶ 3, 16 (citing 5 U.S.C. § 8101(1)).  Here, OWCP found that plaintiff was a federal employee under FECA and accordingly awarded him benefits.  Thus, plaintiff cannot establish that OWCP violated a clear statutory mandate of FECA and his case should be dismissed for lack of jurisdiction.

Plaintiff's central argument appears to be that because individuals who are presently employed and working for the federal government are eligible for locality adjustments to salary, he, too, should be entitled to locality adjustments.  Specifically, plaintiff points to a different statutory scheme in claiming that employees, as defined by 5 U.S.C. §§ 5102, are entitled to locality based pay increases pursuant to 5 U.S.C. § 5304.  However, the Secretary of Labor does not administer the provisions at 5 U.S.C. § 5101 et seq. or 5 U.S.C. § 5301 et seq.  Rather, the Secretary is charged with administering FECA.  The Secretary simply does not have the authority to enlarge the terms of FECA nor to make an award of benefits under any terms other than those specified in the statute.  See, e.g. In re Timothy A. Liesenfeld, No. 97-2815, 2000 WL 1285762, at *2 (ECAB 2000) ("Neither the Office nor the Board has the authority to enlarge the terms of the Act nor to make an award of benefits under any terms other than those specified in the statute"); In re Dempsey Jackson, Jr. 40 ECAB 942 (1989) (same).  Put simply, the provisions cited by plaintiff (5 U.S.C. § 5101 et seq. or 5 U.S.C. § 5301 et seq) are not applicable to the calculation of benefits under FECA and in fact are not even statutory provisions of FECA.  Accordingly, where, as here, plaintiff fails to point to any section of FECA that was allegedly violated, there can be no violation of a clear statutory mandate.[8]

---

[8]    Plaintiff's claim that locality pay should be applied to his determination of benefits is essentially an argument that the workers' compensation scheme set forth in FECA should recognize a claim for compensation based on a loss of future earnings theory.  Indeed, it is not disputed that if plaintiff had continued to work without injury, he would have received more income than he receives in FECA benefits.  However, FECA, by its terms, does not award benefits on a loss of future earnings theory.  Plaintiff's compensation benefits were based, in

## CONCLUSION

For the foregoing reasons, the complaint should be dismissed in its entirety.

Dated:    New York, New York
          August 31, 2007

                        Respectfully submitted,

                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York
                        Attorney for United States of America


          By:    _____
                 LAWRENCE H. FOGELMAN
                 Assistant United States Attorney
                 86 Chambers Street, 3rd Floor
                 New York, New York 10007
                 Tel.: (212) 637-2719

---

accordance with the applicable provisions of FECA, on his salary at the time of injury, which did not and could not include locality pay since the locality pay statute was not enacted into law until approximately two years after his injury. Thereafter, he received annual cost of living increases in accordance with 5 U.S.C. § 8146a. While the salary for plaintiff's position may have increased, the possibility that an employee but for his injury might have had greater earnings does not afford a basis for increased benefits under FECA. See Donald R. Johnson, 48 ECAB 455, 458 (1997); Dempsey Jackson, Jr., 40 ECAB 942, 947 (1989).

16