Case Number: ▓▓▓▓▓▓▓   D-0
Employee: STEPHEN J. FEIN

U.S. DEPARTMENT OF LABOR

EMPLOYMENT STANDARDS ADMINISTRATION
OFFICE OF WORKERS' COMP PROGRAMS
P O BOX 8300 DISTRICT 2 NYC
LONDON, KY 40742-8300
(646) 264-3000

July 25, 2007

Date of Injury: 06/21/1988
Employee: STEPHEN J. FEIN

STEPHEN J. FEIN
522 SHORE ROAD - 1PP
LONG BEACH, NY 11561

NOTICE OF DECISION

Dear Mr. Fein:

This is a decision on your request for yearly increases in your wage loss compensation due to locality pay.

In a letter dated June 18, 2007 the Office of Workers' Compensation Programs informed you that you would be allowed thirty days to provide your reasons in detail as to why you believe that you are entitled to an increase in your wage-loss compensation benefits, along with any evidence you would like to submit in support of your claim.

By letter dated July 15, 2007, your representative, Jacob Rollings, set forth the reason why you are entitled to an increase in wage-loss compensation. He stated you are entitled an increase based on locality pay because you are a federal employee under the definitions set forth in 5 U.S.C. §§ 5102 and 8101(1). Mr. Rollings asserts that federal law makes no distinction between employees who are actively working and those collecting compensation. The purpose of the locality pay was to adjust government wages for those who live and work in areas with higher costs of living and you live and worked in such an area which should result in your pay being adjusted The terms of the FECA are specific as to how compensation is to be calculated and OWCP does not have the authority to enlarge the terms of the FECA nor to make an award of benefits under any terms other than those specified in the statute. See Timothy A. Liesenfeld, 51 ECAB 599, 602 (2000); Dempsey Jackson, Jr. 43 ECAB 942 (1989). Moreover, it has been long held that the probability that an employee, if not for his injury-related condition, might have had greater earnings does not afford a basis for payment under the FECA. Donald R. Johnson, 48 ECAB 455, 458 (1997) Dempsey Jackson, Jr., 40 ECAB 942, 947 (1989); Francis X. Milesky, 13 ECAB 128, 131 (1961).

Under the FECA wage loss compensation is based on the pay rate at the time of injury, at the time of disability for work, or at the time of recurrence. 5 U.S.C. § 8101(4) As explained in Chapter 7-4 of Publication CA-810, Injury Compensation for Federal Employees:

"The salary used to compute compensation is not affected, however, by general increases in the rate paid for the employee's grade and step. Moreover, the pay rate is not affected by any promotion or raise the employee might have received in the future."

While it is true that working federal employees may receive yearly locality pay increases, depending on their place of employment, such pay increases do not apply to FECA compensationers. Compensationers such as wage loss compensation recipients are not entitled to these increases, just as they are not entitled to salary increases they would have received had they still been working. Rather, wage loss compensation recipients are entitled to Consumer Price Index (CPI) increases, in accordance with 5 U.S.C. § 8145a. While locality pay may be included when determining the pay rate at the time of injury, time of disability or time of recurrence, locality pay is not considered for any increases in compensation.

The Board held that such determinations as the amount of deductions to be made under the Federal Employee's Group Life Insurance Program, and the Federal Employees' Health Benefit Programs are not within the jurisdiction of the Office or the Board. Charles Burger, 39 ECAB 732 (1988). Willie A. Dean, 40 ECAB 1208 (1989). Here, you are essentially asking

D-0

Case Number: 
Employee: STEPHEN J. PLEIN

the Office to make a determination that the claimant is a federal employee for purposes of 5 U.S.C. § 5102. The Office has no jurisdiction to make this finding. Moreover, as the Board has long stated, entitlement to benefits under one Act does not establish entitlement to the other. *Burney L. Kent*, 6 ECAB 378 (1953); *Hazel K. Anderson*, 37 ECAB 277 (1986); *Donald E. Ewals*, 45 ECAB 111 (1993). Thus, the fact that you may fall within the definition of "federal employee" under the federal pay statute has no bearing on whether you are federal employee for purposes of determinations under the FECA. The Office looks to the FECA and its definition to make such a finding. While it may be true that the definition of federal employee for both the pay statute and the FECA cover most of the same people, this is not determinative as to whether you are entitled to benefits under the FECA, how your pay rate for compensation purposes is to be calculated or what the amount of those benefits should be.

In this case your pay rate was based on your wages at the time of injury which was prior to the enactment of the locality pay provisions. Each year your compensation has been increased by application of the CPI, effective March 1st. Therefore, it has been properly calculated.

For the reasons stated above, entitlement is hereby denied to increased compensation due to locality pay increases. Your appeal rights are enclosed.

Sincerely,

*David Parks*

David Parks
Senior Claims Examiner

DEPARTMENT OF THE NAVY
NAVAL STATION
CCPO PHILADELPHIA
BLDG. 75/1 NAVAL BASE
PHILADELPHIA, PA 19112

LAW OFFICE OF JACOB ROLLINGS
57 GRAMATAN AVENUE
MOUNT VERNON, NY 10550


Case Number: ▓▓▓▓
Employee: STEPHEN J. FEIN

# FEDERAL EMPLOYEES' COMPENSATION ACT APPEAL RIGHTS

If you disagree with the attached decision, you have the right to request an appeal. If you wish to request an appeal, you should review these appeal rights carefully and decide which appeal to request. There are 3 different types of appeal: HEARING (this includes either an Oral Hearing, or a Review of the Written Record), RECONSIDERATION, and ECAB REVIEW. YOU MAY ONLY REQUEST ONE TYPE OF APPEAL AT THIS TIME. Place an "X" on the attached form indicating which appeal you are requesting. Complete the information requested at the bottom of the form. Place the form on top of any material you are submitting. Then mail the form with attachments to the address listed for the type of appeal that you select. Always write the type of appeal you are requesting on the outside of the envelope ("HEARING REQUEST", "RECONSIDERATION REQUEST", or "ECAB REVIEW"). Your appeal rights are as follows:

1. **HEARING:** If your injury occurred on or after July 4, 1966, and you have not requested reconsideration, as described below, you may request a Hearing. To protect your right to a hearing, any request for a hearing must be made before any request for reconsideration by the District Office (5 U.S.C. 8124(b)(1)). Any hearing request must also be made in writing, within 30 calendar days after the date of this decision, as determined by the postmark of your letter. (20 C.F.R. 10.616). There are two forms of hearing. You may request either one or the other, but not both.
a. One form of Hearing is an **Oral Hearing**. An informal oral hearing is conducted by a hearing representative at a location near your home. You may present oral testimony and written evidence in support of your claim. Any person authorized by you in writing may represent you at an oral hearing.
b. The other form of a Hearing is a **Review of the Written Record**. This is also conducted by a hearing representative. You may submit additional written evidence, which must be sent with your request for review. You will not be asked to attend or give oral testimony.

2. **RECONSIDERATION:** If you have additional evidence or legal argument that you believe will establish your claim, you may request, in writing, that OWCP reconsider this decision. The request must be made within one calendar year of the date of the decision, clearly state the grounds upon which reconsideration is being requested, and be accompanied by relevant evidence not previously submitted. This evidence might include medical reports, sworn statements, or a legal argument not previously made, which apply directly to the issue addressed by this decision. In order to ensure that you receive an independent evaluation of the new evidence, persons other than those who made this determination will reconsider your case. (20 C.F.R. 10.605-610)

3. **REVIEW BY THE EMPLOYEES' COMPENSATION APPEALS BOARD (ECAB):** If you believe that all available evidence that would establish your claim has already been submitted, you have the right to request review by the ECAB (20 C.F.R. 10.625).. The ECAB will review only the evidence received prior to the date of this decision (20 C.F.R. Part 501). Any request for review by the ECAB should be made within 90 days from the date of this decision. The ECAB may waive failure to file within 90 days if you request review within one year of the date of this decision and show a good reason for the delay.

If you request reconsideration or a hearing (either oral or review of the written record), OWCP will issue a decision that includes your right to further administrative review of that decision.

Case Number: 
Employee: STEPHEN J. FEIN

## APPEAL REQUEST FORM

If you decide to appeal this decision, read these instructions carefully. You must specify which procedure you request by checking one of the options listed below. Place this form on top of any materials you submit. Be sure to mail this form, along with any additional materials, to the appropriate address. YOU MAY ONLY REQUEST ONE TYPE OF APPEAL AT THIS TIME.

_____ ORAL HEARING

Depending on your geographical location, the issue involved in your case, the number of hearing requests in your area, and at the discretion of the hearing representative, we may be able to expedite your appeal by offering you a telephone hearing. If OWCP deems your case suitable for teleconference and you are open to this option, please check here. _____

_____ REVIEW OF THE WRITTEN RECORD

For each of these options, you must submit this form within 30 calendar days of the date of the decision. You may also submit additional written evidence with your request. You must mail your request to:
    Branch of Hearings and Review
    Office of Workers' Compensation Programs
    P. O. Box 37117
    Washington, DC 20013-7117

_____ RECONSIDERATION:

Submit your request within 1 calendar year of the date of the decision. You must state the grounds upon which reconsideration is being requested. Your request must also include relevant new evidence or legal argument not previously made. Mail your request to:
    DOL DFEC Central Mailroom
    P. O. Box 8300
    London, KY 40742

_____ ECAB APPEAL:

Submit this form within 90 calendar days of the date of the decision. No additional evidence after the date of the decision will be reviewed. To expedite the processing of your ECAB appeal, you may include a completed copy of the AB 1 form used by ECAB to docket appeals available on the Department of Labor Web Site at www.dol.gov/ecab. Mail your request to:
    Employees' Compensation Appeals Board
    200 Constitution Avenue NW, Room N-2609
    Washington, DC 20210

SIGNATURE_____ TODAY'S DATE_____
PRINTED NAME_____ DECISION DATE_____
ADDRESS_____ PHONE_____
CITY _____ STATE _____ ZIP_____