UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
STEPHEN J. FEIN, on behalf of himself and
all other similarly situated,                                   07 Civ. 3312 (PAC)

                Plaintiffs,

   -against-

ELAINE CHAO, Secretary, United States
Department of Labor and the UNITED
STATES OF AMERICA,

                Defendants.
---------------------------------------------------------X


**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Jacob Rollings, Esq. (JR-9247)
Attorney for Plaintiffs
57 Gramatan Avenue
Mt. Vernon, NY 10550
Phone:  (914) 699-5220
Fax:  (914) 699-3740

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

    I.    STANDARDS FOR A MOTION TO DISMISS......................................................2

    II.    THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER THE KYNE DOCTRINE ...................................................................................................3

        A.    Application of the Kyne Doctrine...............................................................3

        B.    The Kyne Doctrine Applies to 5 U.S.C. § 8128(b).....................................4

        C.    The Kyne Doctrine Applies to 5 U.S.C. § 5304 .........................................6

    III.    PLAINTIFFS HAVE STATED A CLAIM UOPN WHICH RELIEF MAY BE GRANTED ........................................................................................................6

CONCLUSION................................................................................................................................7

**PRELIMINARY STATEMENT**

Plaintiff Stephen J. Fein, on behalf of himself and all similarly situated federal employees receiving federal employee's (workers') compensation, 5 U.S.C. § 8101, *et seq.*, commenced this lawsuit against defendant Elaine Chao in her official capacity as the United States Secretary of Labor. Plaintiffs recently amended the complaint to include the United States of America as a party defendant. The amended complaint is annexed hereto.

The complaint alleges that plaintiffs, as federal *employees*, as defined by 5 U.S.C. § 5102 are entitled to locality-based pay increases pursuant to 5 U.S.C. § 5304. As the documents annexed to defendants' moving papers show, Mr. Fein, through his attorney's office, followed the procedures set forth in 5 U.S.C. § 8128(a) and wrote a letter to Secretary Chao's designee, Hon. Shelby Hallmark, Director of the Office of Workers' Compensation Programs for the United States Department of Labor (Def. Exh. F) formally requesting that Secretary Chao review his award on the ground stated: as a federal employee, he is entitled to a locality-based increase. After several letters back and forth between plaintiff and representatives of Secretary Chao (Def. Exh. G-I), on February 8, 2007, Mr. Zev C. Sapir, District Director of the Employment Standards Administration of the Office of Workers' Compensation Programs in New York, NY stated conclusively that compensation recipients do not receive locality based increases, like "working" federal employees. (Def. Exh. J).

Defendants argue that the complaint should be dismissed as § 8128(b) expressly bars judicial review of any action by the Secretary of Labor in allowing or denying a claim for benefits. Thus, this court does not have subject matter jurisdiction. Alternatively, defendants aver that even if this court were to review this matter as a violation of a clear statutory mandate no such violation can be shown and therefore the complaint should be dismissed for failure to state a claim.

1

Plaintiffs submit that this determination violated a "clear statutory mandate." That is, federal compensation recipients *are* federal employees (as defined in § 5102). They should, therefore, receive locality based increases as all federal employees do pursuant to § 5304.

As shown more fully below, plaintiffs will show that the *Kyne* Doctrine, *Leedom v.* Kyne, 358 U.S. 184, 79 S.Ct. 180 (1958) furnishes this court with subject matter jurisdiction, despite the language of § 8128(b). Further, plaintiffs have stated a claim that their rights as federal employees were violated in not providing them locality based pay increases.

## ARGUMENT

### I.  STANDARDS FOR A MOTION TO DISMISS

When considering a motion to dismiss pursuant to rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff. *Raila v. United States of America*, 355 F.3d 118, 119 (2d. Cir. 2004)(citation omitted). Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitled him or her to relief. *Ibid.*

Similarly, in considering a Rule 12(b)(6) motion, the court accepts as true all factual allegations in the complaint and draws inferences from those allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996). Under 12(b)(6) dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984); *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1988). In its review of a motion to dismiss the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

## II.     THIS COURT HAS SUBJECT MATTER JURSIDCTION UNDER THE KYNE DOCTRINE

A.     Application of the *Kyne* Doctrine

Courts have recognized that an implicit and narrow exception to the bar on judicial review exists for claims that the agency exceeded the scope of its delegated authority or violated a clear statutory mandate. *See*, *e.g.*, *Staacke v. United States Secretary of Labor*, 841 F.2d 278, 281 (9th Cir. 1988). This exception was first recognized in *Leedom v. Kyne*, 358 U.S. 184, 3 L. Ed. 2d 210, 79 S. Ct. 180 (1958). *Kyne* held district courts have jurisdiction "to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the [NLRA]."

> The United States Supreme Court noted
>
> we begin with the strong presumption that Congress intends judicial review of administrative action. From the beginning "our cases [have established] that judicial review of a final agency action by an aggrieved person will not be cut off unless there is persuasive reason to believe that such was the purpose of Congress."

*Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 670, 106 S. Ct. 2133 (1986) (citation omitted). Which "may be overcome 'only by a showing of clear and convincing evidence of a contrary legislative intent.'" *Traynor v. Turnage*, 485 U.S. 535, 542, 108 S. Ct. 1372 (1988) (citation omitted).

Even when Congress did not expressly provide for judicial review, it may nonetheless be available. *Bowen*, 476 U.S. at 672; *Traynor*, 485 U.S. at 545. As stated in *Kyne* "[the Supreme Court] cannot lightly infer that Congress did not intend judicial protection of rights it confers against agency action taken in excess of delegated powers." 358 U.S. at 187, 188. Such judicial oversight is needed to protect against "freewheeling agencies meting out their brand of justice in a vindictive manner." *Oestereich v. Selective Serv. Sys. Local Bd. No. 11*, 393 U.S. 233, 237, 89

S.Ct. 414 (1968).  Thus, where agency action contravenes a specific statutory prohibition and results in the overstepping of the agency's delegated powers, judicial review is not barred. *Boire v. Greyhound Corp.*, 376 U.S. 473, 480-81, 84 S.Ct. 894 (1964).

As defendants note, the High Court subsequently "refined" its holding in *Kyne* in *Board of Governors v. MCorp Financial, Inc.*, 502 U.S. 32, 43-44, 112 S.Ct. 459 (1991).  *MCorp* held that two "critical" factors distinguished the review provision at issue in *Kyne*:  the lack of any alternative means of judicial review for plaintiffs and the lack of a clear statement of Congress's preclusive intent.  In the absence of such factors, the *Kyne* doctrine did not apply."

B.    The *Kyne* Doctrine Applies to § 8128(b)

While it cannot be denied that § 8128(b) is an example of language that Congress employees when it "intends to bar judicial review altogether." *Lindahl v. Office of Personnel Mgmt.*, 470 U.S. 768, 780 n.13, 105 S.Ct. 1620 (1985).  Nonetheless, as defendants have conceded

> § 8128(b) is silent as to claims that the Secretary acted outside the scope of her statutory authority, and as the Fourth Circuit pointed out in *Hanauer v. Reich*, 82 F.3d 1304 (4th Cir. 1996), "*unlike the statutory scheme at issue in MCorp, [FECA] does not provide for judicial review of a final order of the Secretary. Thus, "acceptance of the Secretary's argument that § 8128(b) precludes district courts from considering claims that the Secretary violated a clear statutory mandate would, in the words of the Supreme Court, 'wholly deprive [claimants] of a meaningful and adequate means of vindicating [their] statutory rights.*" *Id.* at 1308-09 (quoting *MCorp*, 502 U.S. at 43).

*Lepre v. Department of Labor*, *Employee Compensation Appeals Board*, 275 F.3d 59, 73 (D.C. Cir. 2001) (emphasis supplied)(other citations omitted).

Defendants note that several circuit courts have weighed in on the issue of whether § 8128(b) permits judicial review of a violation of a clear statutory mandate.  The vast majority of the circuits have permitted such judicial review.  The Fourth Circuit in *Hanauer v. Reich*, 82 F.3d 1304, 1307 (4th Cir. 1996); the Sixth in *Owens v. Brock,* 860 F.2d 1363, 1367 (6th Cir.

4

1988); the Eighth in *Brumley v. U.S. Dept. of Labor*, 28 F.3d 746, 747 (8th Cir. 1994); the Ninth in *Staacke v. United States Secretary of Labor*, 841 F.2d 278, 282 (9th Cir. 1988); the Eleventh in *Woodruff v. United States Department of Labor*, 954 F.2d 634, 639-40 (11th Cir. 1992) (per curiam) and the D.C. Circuit in *Lepre, supra.* at 73 all held that judicial review of a decision by the Secretary of Labor that violates a clear statutory mandate is permitted. Only the First (*Paluca v. Secretary of Labor*, 813 F.2d 524 (1st Cir. 1987)) and Third Circuits (*McDougal-Saddler v. Herman*, 184 F.3d 207, 213 (3d Cir. 1999)) held to the contrary.

This brings us to the Second Circuit's decision in *Senerchia v. United States*, 235 F.3d 129 (2d Cir. 2000). It is respectfully submitted that the *Senerchia* Court *did* rule that judicial review of clear statutory violations are permitted. The Court "assumed" such an exception existed, *id.* at 132, and then proceeded to apply the *Kyne* Doctrine, i.e., determined whether a clear statutory mandate was violated. It is respectfully submitted that it would have made no sense for the Second Circuit to have carefully analyzed the relevant statutes at issue in that case if such "judicial review" were barred by the statute in the first instance.

Significantly, the Southern District Judge Buchwald in *Baik v. Potter*, 2007 U.S. Dist. LEXIS 29497 at n. 11, observed:

> [t]here may be two narrow exceptions to the prohibition on judicial review of FICA claims: where a plaintiff alleges either that the government violated his constitutional rights or that it violated a clear statutory mandate. *See e.g. Senerchia v. United States* [cit. omitted] ("Assuming an exception for clear statutory violation exists, judicial review of such violations is extremely limited.")

Thus, Judge Buchwald, in the only case found by plaintiffs citing *Senerchia*, albeit in dicta, cites it for the proposition that judicial review of clear statutory mandates is permitted.

Even if one were to assume that *Senerchia* did not set a Second Circuit precedent[1] on this

---

[1] District courts in this Circuit have held that judicial review of FICA claims for violations of clear statutory violations are permitted. *See*, *Wacks v. Reich*, 950 F.Supp. 454, 459 n. 4 (D.Conn. 1996) ("[t]he reasoning employed by other federal courts in carving out exceptions for Constitutional violations and violations of clear statutory mandate is persuasive and those exceptions are hereby adopted."); *Senerchia v. United States*, 2000 U.S. Dist.

5

issue, this court should hold that judicial review is available on the ground that § 8128(b) does not provide an alternative means of judicial review for plaintiffs. Thus, the *Kyne* Doctrine applies according to *MCorp*.

C.  The Kyne Doctrine Applies to 5 U.S.C. §§ 5102 and 5304

Defendant accurately notes:

> plaintiff points to a different statutory scheme in claiming that employees as defined by 5 U.S.C. § 5102 are entitled to locality based pay increases pursuant to 5 U.S.C. § 5304. However, the Secretary of Labor does not administer the provisions at 5 U.S.C. § 5101 et seq. or 5 U.S.C. § 5301 et seq.

(Def. Mem. of Law, p. 15).

Plaintiffs have amended the complaint in recognition of this fact. That is, the amended complaint lists as defendants both the United States Secretary of Labor and the United States of America. Plaintiffs argue that they are federal employees as defined in § 5102(a)(2) "an individual employed in or under an agency." They are, therefore, entitled to locality based pay under § 5304. While the Secretary of Labor may not administer these statutory schemes, certainly an agency within defendant "United States of America" does.

A review of § 5101 *et seq.* and § 5301 *et seq.* reveals *both* a lack of any alternative means of judicial review for plaintiffs and the lack of a clear statement of Congress's preclusive intent. Thus, the *Kyne* doctrine certainly applies, pursuant to the dicates of *MCorp*.

**III.    PLAINTIFFS HAVE STATED A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

The drastic remedy of dismissal of plaintiffs' claims is not warranted here. Defendants argue that plaintiffs have not shown entitlement to locality based adjustments within the context of FECA. That is correct, however, defendants do not address plaintiffs' claims as federal

---

LEXIS 92 (Griesa, J.), aff'd 235 F.3d 129 (2d Cir. 2000).

6

employees, *qua* federal employees.

It is respectfully submitted that the statutory schemes § 5101 *et seq.* or § 5301 *et seq.* apply to plaintiffs in their capacity as federal employees. The schemes make no distinction between "working employees" and "compensation employees." Compensation employees are not *un*employed. As employees of the federal government, plaintiffs are entitled to be compensated as such. A recipient of federal employee compensation must still contend with the high cost of living in certain areas of the United States as do all residents thereof.

That is, the *Kyne* doctrine which the Second Circuit in *Senerchia*, 235 F.3d at 132-33 held "applies only when the agencies interpretation is so egregious as to be clearly contrary to the statute" (Defs. Mem of Law, p. 13) applies here. There is no question that federal employees have a clear right to locality based pay increases. It is impossible to interpret the statute any other way. By denying this right, a clear statutory mandate is violated. As such, plaintiffs have stated a claim upon which relief can be granted.

## CONCLUSION

It is respectfully submitted that plaintiffs have shown that this Court has subject matter jurisdiction under the *Kyne* doctrine and that they have a colorable claim. For these reasons, defendants' motion to dismiss should be denied in its entirety.

Dated: Mt. Vernon, NY
     September 28, 2007

                                Respectfully submitted,

                                _____
                                Jacob Rollings, Esq. (JR-9247)

JACOB ROLLINGS, ESQ. (JR- 9247)
Attorney for Plaintiffs
57 Gramatan Avenue
Mount Vernon, NY 10550
(914) 699-5220

UNITED STATES DISTRICT COURT    07 Civ. 3312 (PAC)
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
STEPHEN J. FEIN, on behalf of himself     **AMENDED**
and all others similarly situated,        **CLASS ACTION**
                                          **COMPLAINT**

                Plaintiffs,

                Jury trial requested

   -against-

ELAINE CHAO, Secretary, United States
Department of Labor and the UNITED
STATES OF AMERICA,

                Defendants.
-------------------------------------------------------X

      Plaintiff STEPHEN J. FEIN, by his attorney, JACOB ROLLINGS, ESQ., complaining of

the defendants, alleges as follows:

### JURISDICTION

      1.     This Court has subject matter jurisdiction under the Administrative Procedure

Act, 5 U.S.C. § 704 and 28 U.S.C. § 1331, federal question jurisdiction, for review of this action

pursuant to the *Kyne* doctrine[2] giving it the power to review clear violations of statutory

mandate.  The *Kyne* doctrine allows for judicial review of an agency action when the agency

exceeds its statutory authority or violates a clear statutory mandate, even if Congress precluded

judicial review in the Act.

### VENUE

---

[2] *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180 (1958)

8

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that the events or omissions that gave rise to this action occurred in the U.S. Department of Labor, Employment Standards Administration, Office of Workers' Compensation Programs, 201 Varick Street, Room 704, New York, NY 10014 in the Southern District of New York.

PARTIES

3. Plaintiff STEPHEN J. FEIN ("Mr. Fein") is an employee of the United States under the definitions of these terms in 5 U.S.C. §§ 5102 and 8101(1). He is a recipient of federal employees compensation under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101, *et seq*. In particular, Mr. Fein was and is a civilian employee of the United States Navy who was injured on the job.

4. Defendant ELAINE CHAO is sued in her official capacity as the United States Secretary of Labor.

5. Defendant UNITED STATES OF AMERICA, through its Office of Personnel Management or other offices therein, is responsible for setting and administering the rate of pay of federal employees.

ADMINISTRATIVE PROCEEDINGS

6. On October 25, 2006, Mr. Fein, through this office, made an application to defendant, through Hon. Shelby Hallmark, Director, Office of Workers' Compensation Programs, United States Department of Labor, for review of his Federal Employees' Compensation award pursuant to 5 U.S.C. § 8128(a) for a locality-based comparability payment, pursuant to 5 U.S.C. § 5304, retroactive from the time he began receiving employees compensation. Specifically, Mr. Fein, as a resident of Long Island, New York is entitled to an increase due to the higher cost of living there vis-a-vis the national average.

7. On November 17, 2006, defendants, through Zev C. Sapir, District Director, Employment Standards Administration, Office of Workers' Compensation Programs in New York, NY, in the Southern District of New York, responded to Mr. Fein's letter. Mr. Sapir stated that Mr. Fein's case file was protected under the Privacy Act and that Mr. Fein must provide a signed release in order to respond to his application.

8. On December 19, 2006, Mr. Fein, again through this office, mailed to defendants' representative Mr. Sapir, a signed release.

9. On February 8, 2007, Mr. Sapir responded directly to Mr. Fein. Mr. Sapir stated that compensation recipients do not receive "locality pay" based on the state they reside like working federal employees.

CLASS ACTION ALLEGATIONS

10. Mr. Fein brings this action on his own behalf and behalf of all others similarly situated, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.

11. The class so represented by plaintiff in this action, of which he is a member, consists of all United States federal compensation recipients, under 5 U.S.C. § 8101, et seq.

12. The exact number of members of the class, as hereinabove identified and described is not known, but the class is so numerous that joinder of individual members herein is impracticable.

13. There are common questions of law and fact in the action the relate to and affect the rights of each member of the class and relief sought is common to the entire class, viz., a declaratory judgment that plaintiffs, federal compensation recipients, as federal employees are entitled to locality based pay adjustments, pursuant to 5 U.S.C. § 5304 and § 843 of Pub.L. 109-115 (under 5 U.S.C. § 5303) as set forth in Schedule 9 of 5 U.S.C. § 5332 (locality based areas are set forth in 5 C.F.R. § 531.603).

14. The claims of Mr. Fein, as representative of the class herein, are typical of the claims of the class, in that the claims of all members of the class, including plaintiff, depend on a showing of the acts and omissions of defendant give rise to the right of plaintiffs to the relief sought herein.

15. Mr. Fein is a representative party for the class and is able to, and will, fairly and adequately protect the interests of the class. The attorney for plaintiff is experienced and capable in litigation in the field of administrative and employment law and litigation, in general. The attorney for plaintiff will actively conduct and be responsible for plaintiffs herein.

16. This action is properly maintained as a class action insasmuch as defendants who oppose the class has acted or refused to act on grounds applicable to the class and has, by reason of such conduct, made appropriate final injunctive relief or corresponding declaratory relief with respect to the entire class, as sought in this action.

## CAUSE OF ACTION

17. Plaintiffs, federal compensation recipients, as federal employees under the definitions set forth in 5 U.S.C. §§ 5102 and 8101(1) are entitled to locality based pay increases, pursuant to 5 U.S.C. § 5304.

18. Defendants refuse and continue to refuse to compensate plaintiffs as such.

**WHEREFORE**, plaintiff prays, for himself and all other members of the class, for the following relief: (1) a declaratory judgment that all federal compensation recipients, as federal employees, are entitled to locality-based payment adjustments and raises.; (2) that said federal compensation recipients have their pay adjusted based on their localities from the time they first received federal compensation, together with interest; (3) payment of plaintiffs' reasonable attorney's fees and costs of this action; and (4) such other relief that this Court may deem just and equitable.

Dated:  New York, NY
        September 12, 2007

                                          Jacob Rollings, Esq. (JR- 9247)
                                          Attorney for Plaintiffs
                                          57 Gramatan Avenue
                                          Mount Vernon, NY 10550
                                          (914) 699-5220